# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-140V
### Filed: June 25, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| VIRGINIA IVES, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Influenza or Flu Vaccine; |
| | * | Shoulder Injury Related to |
| SECRETARY OF HEALTH | * | Vaccine Administration ["SIRVA"]; |
| AND HUMAN SERVICES, | * | Special Processing Unit ["SPU"] |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Jeffrey S. Pop, Esq., Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner.*
*Christine M. Becer, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On February 11, 2015, Virginia Ives filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury caused by the influenza vaccine she received on September 23, 2013. Petition at 1. Petitioner also alleges that her injuries lasted more than six months and that she continues to suffer the residual effects of her injury. *Id.*, ¶ 18. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 16, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for her shoulder injury related to vaccine administration ["SIRVA"]. On June 23, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $69,517.00 which "represents all elements of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)."
Proffer at 1.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $69,517.00 in the form of a check payable to petitioner, Virginia Ives.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

|  |  |  |
|---|---|---|
| VIRGINIA IVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 15-140V |
| v. | ) | Chief Special Master Vowell |
| | ) | ECF |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$68,000.00 for pain and suffering and $1,517.00 for unreimbursed medical expenses, which

represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. §

300aa-15(a).[1]  Petitioner agrees.

**II.      Form of the Award**

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment of $69,517.00 in the form of a check payable to petitioner.

Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses, future lost earnings, and future pain and suffering.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA RENZI
Senior Trial Counsel
Torts Branch, Civil Division


　s/Christine Mary Becer
CHRISTINE MARY BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-3665

Date:　　　June 23, 2015